[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13594
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-00087-MW-GRJ

KENNETH FERNANDEZ JOHNSON, JR.,

Plaintiff-Appellant,

versus

SADIE DARNELL,
Sheriff,
DANIEL ORLANDO CRUZ,
Deputy Sheriff,
VICTOR PINO-DIAZ,
Deputy Sheriff,
ALACHUA COUNTY,
Government Entity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 21, 2019)

Before MARTIN, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Kenneth Fernandez Johnson, Jr., appeals the district court's dismissal of his *pro se* second amended complaint alleging constitutional violations against Alachua County Sheriff's Deputies Daniel Orlando Cruz and Victor Pino-Diaz, in their individual and official capacities, and Alachua County Sheriff Sadie Darnell, in her official capacity, under 42 U.S.C. § 1983. In addition to concluding that Johnson's second amended complaint failed to state a claim on which relief could be granted, the district court concluded Deputies Cruz and Pino-Diaz were entitled to qualified immunity as to the claims brought against them in their individual capacities.

On appeal, Johnson argues that the district court erred in dismissing his complaint because his allegations were sufficient to state a claim for false arrest, false imprisonment, due process violations, fabrication of evidence, failure to intervene, malicious prosecution, and defamation, as well as a *Monell*[1] claim against Darnell. After review,[2] we affirm.

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (subjecting municipalities and local government units to suit under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers").

[2] We review *de novo* a district court's ruling on a Rule 12(b)(6) motion to dismiss, accepting all factual allegations as true and viewing the facts in the light most favorable to the plaintiff. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

## I.  BACKGROUND

Johnson's claims all ultimately stem from his arrest for fleeing or attempting to elude law enforcement.  Briefly, the second amended complaint—along with various public court filings of which the district court took judicial notice—establish that Deputy Cruz was on foot patrol when he observed a white Toyota Camry fail to come to a complete stop.  He conducted a traffic stop, during which the driver, while ostensibly removing his license from his wallet, drove the vehicle away from Deputy Cruz before abandoning it.  Upon searching the vehicle, officers discovered a Florida Driver's License with Johnson's name on it.  Two officers also identified Johnson, from his license picture, as the driver, based on their contact with him during the traffic stop.

Johnson eventually was charged, via an Information, with fleeing or attempting to elude, and an arrest warrant was issued for his arrest.  Subsequent to Johnson's arrest, the State of Florida entered a *nolle prosequi* after determining that Johnson did not commit the charges as alleged, presumably because they determined he had not been the driver of the vehicle.

## II.  DISCUSSION

As an initial matter, Johnson has waived and abandoned any challenge to the district court's ruling that Deputies Cruz and Pino-Diaz were entitled to qualified immunity, as he failed to make any argument regarding this point in either his

3

objections to the magistrate judge's report and recommendation (R&R), or his brief on appeal. *See* 11th Cir. R. 3-1 ("A party failing to object to a magistrate judge's findings or recommendations contained in a[n] [R&R] . . . waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. . . ."); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned."). Because the district court's ruling as to qualified immunity is sufficient to support the dismissal of the claims brought against Deputies Cruz and Pino-Diaz in their individual capacities, we need not address these claims further.

As to the claim against Deputies Cruz and Pino-Diaz in their official capacities, we agree with the district court that Johnson's second amended complaint failed to state a claim as to any of the causes of action he identified. With the exception of his claims for malicious prosecution and defamation, all of Johnson's claims against Cruz and Pino-Diaz challenge his arrest for fleeing or attempting to elude law enforcement. Johnson essentially challenged the legitimacy of the warrant issued for his arrest, alleging Cruz and Pino-Diaz falsely identified him, fabricated evidence and statements, and did not conduct a full investigation. He did not, however, specifically allege what evidence was fabricated. These vague and conclusory allegations are insufficient to plausibly raise a constitutional challenge to his arrest. *See Bell Atl. Corp. v. Twombly*, 550

4

U.S. 544, 555 (2007) (noting that, while a complaint does not need detailed factual allegations, one that merely provides "a formulaic recitation of the elements of a cause of action" is inadequate); *Paez v. Mulvey*, 915 F.3d 1276, 1286 (11th Cir. 2019) (stating that, to hold a non-arresting officer liable for providing false information in a warrant affidavit, a plaintiff must show (1) there was "an intentional or reckless misstatement or omission"; and (2) "probable cause would be negated if the offending statement was removed or the omitted information included").

As to Johnson's claim for malicious prosecution, he failed to allege facts that would plausibly suggest Cruz or Pino-Diaz were the legal cause of the proceeding against him. Specifically, as noted above, he failed to allege any facts concerning the substance of the evidence or statements Cruz or Pino-Diaz fabricated. *See Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004) (stating that, to establish a federal malicious-prosecution claim, a plaintiff must prove, among other things, the elements of the common-law tort of malicious prosecution, which include showing the defendant was the legal cause of the original proceeding).

As to Johnson's claim for defamation, he alleged only that Cruz and Pino-Diaz's unspecified fabrications in the warrant application resulted in his name and picture being posted on Alachua County's Most Wanted list. But a valid claim for defamation under Florida law would need to allege that the defendants themselves

were responsible for publishing the defamatory material—here the Most Wanted list—not that something they did indirectly led to the publication of that material. *See Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018) (laying out the elements of defamation under Florida law).

Finally, Johnson similarly failed to state a plausible *Monell* claim. To state a *Monell* claim, a plaintiff must show: "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Because, as discussed above, Johnson has not plausibly alleged that Cruz or Pino-Diaz violated his constitutional rights, he necessarily cannot establish the first element of a *Monell* claim. Moreover, his allegations that Cruz and Pino-Diaz acted according to a policy or custom of deliberate indifference to constitutional rights are too conclusory to plausibly state a claim. *See Twombly*, 550 U.S. at 555.

### III.  CONCLUSION

For the reasons discussed above, we affirm the district court's dismissal of Johnson's second amended complaint for failure to state a claim.

**AFFIRMED.**

6